UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-02289 TLN AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHIELD PROTECTION SERVICES, | |
| Defendant. | |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 7. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). This motion was set for hearing on the papers on October 11, 2023. ECF No. 8. Defendant has not filed any opposition to the motion. For the reasons set forth below, the undersigned recommends plaintiff's motion be GRANTED.

**I.     Relevant Background**

Plaintiff, the United States of America, filed its complaint on December 22, 2022. ECF No. 1. The United States brought this civil action to reduce to judgment certain outstanding federal tax assessments against defendant Shield Protection Services Incorporated ("SPS"). Id. at 1. A summons was issued on February 10, 2023 (ECF No. 2) and the summons was returned executed on February 10, 2023. ECF No. 4. On May 16, 2023, plaintiff requested entry of default by the Clerk of Court. ECF No. 5. The Clerk entered default on May 16, 2023. ECF No

1

6. Defendant did not respond. Plaintiff filed the pending motion for default judgment on August 30, 2023. ECF No. 7. Defendant did not respond to the motion for entry of default judgment, and has not otherwise appeared in this case.

## II.   Motion

Plaintiff moves for default judgment reducing federal tax assessments to a judgment. ECF No. 1 at 5. Plaintiff has submitted a proposed judgment. ECF No. 13-1. Defendant has not appeared or filed any response.

## III.   Analysis

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1)   the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v.

Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

   B. The Eitel Factors
      1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

      2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment. The complaint and motion include data sets listing the specific tax deficiencies at issue, and the plaintiff submitted an Annexed Certificate of Assessments as an exhibit to the motion for default judgment. ECF No. 1 at 2-4, ECF No. 7 at 2-4, ECF No. 11.

In an action brought to collect taxes, the United States bears the initial burden of proof. Palmer v. U.S. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997). The United States may satisfy that initial burden with proof of the assessments, which are entitled to a presumption of correctness if supported by a minimal evidentiary foundation. Id.; United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983). Courts readily accept IRS Certificates of Assessments, Payments, and Other Matters, also known as Forms 4340, as sufficient to establish the validity of the assessments. See, e.g., United States v. Vacante, 717 F. Supp. 2d 992, 1004 (E.D. Cal. 2010) ("[Forms 4340] are highly probative and in the absence of contrary evidence, are sufficient to establish a tax assessment was properly made and notice and demand for payment were sent."). Once the United States introduces presumptively correct assessments, the burden shifts to the taxpayer to prove the assessments are incorrect. See, e.g., Vacante, 717 F. Supp. 2d at 1004. By defaulting, SPS has failed to provide anything rebutting the presumptive correctness of each assessment at issue in this case. Thus, the second and third Eitel factors weigh in favor of default judgment.

        3.    Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Courts have held that where a plaintiff seeks only injunctive relief from the continued use of their trademarks, this factor favors entry of default judgment. PepsiCo, Inc., 238 F. Supp. 2d at 1176–77. Here, the United States seeks a judgment of over $980,000 in unpaid taxes. Though substantial, the amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

        4.    Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after

the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff submitted the Declaration of Michael A. Jackson, who declares he is or was an officer, director, and agent for service of process of defendant SPS. ECF No. 7-4. Mr. Jackson acknowledges that he was served on February 1, 2023, and that he does not intend to defend or otherwise contest judgment on behalf of either SPS or himself. Id. at 1. Though the affidavit is not dated, it is signed. Id. Additionally, regardless of the adequacy of the affidavit, plaintiff served the motion for default judgment on defendant, and defendant did not oppose the motion. ECF No. 7 at 12. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant. What remains is the determination of the amount of damages to which plaintiff is entitled.

C. Terms of Judgment

The court has reviewed plaintiff's proposed judgment (ECF No. 12-1) and finds that it accurately represents the appropriate judgment in this case. It is incorporated below.

### IV. Conclusion

It is RECOMMENDED THAT:

1. Plaintiff's August 30, 2023 motion for default judgment (ECF No. 7) be granted;

2. Judgment is entered in favor of the United States and against Shield Protection Services Inc. for unpaid Form 941 employment tax liabilities for all quarterly periods in 2012, 2013, 2014, 2015, and 2016 and for the first, third, and fourth quarters of 2017, in the amount of $867,711.85, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions running from July 31, 2023, until paid in full;

3. Judgment is entered in favor of the United States and against Shield Protection Services Inc. for unpaid Form 940 unemployment tax liabilities for 2013, 2014, 2015, 2016, and 2017, in the amount of $101,835.04 plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions running from July 31, 2023, until paid in full;

4. Judgment is entered in favor of the United States and against Shield Protection Services Inc. for unpaid 26 U.S.C. § 6721 liabilities for the periods ending December 31, 2012 and December 31, 2014, in the amount of $12,782.09 plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions running from July 31, 2023, until paid in full;

5. The United States is entitled to its costs under Fed. R. Civ. P. 54(d); and

6. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 18, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE